## UNITED STATES v. LUX LAUNDRY CO., Inc., et al. (HYDRAULIC STOKERS, Inc., et al., Third-Party Defendants).

### No. 7441.

Circuit Court of Appeals, Seventh Circuit.

March 19, 1941.

Walter G. Todd, C. K. McCormack, H. B. Pike, and Cecil Taylor, all of Indianapolis, Ind., for appellants.

B. Howard Caughran, U. S. Dist. Atty., and Paul A. Pfister, Asst. U. S. Atty., both of Indianapolis, Ind., for the United States.

Russell Willson, Harold W. Jones, and C. Larry Willson, all of Indianapolis, Ind., for Hydraulic Stokers, Inc.

Before SPARKS and MAJOR, Circuit Judges, and WOODWARD, District Judge.

WOODWARD, District Judge.

The plaintiff-appellee, United States of America, brought its action against Lux Laundry Company, Inc., and Tony A. Lux, defendants and third party plaintiffs-appellants, on a promissory note dated March 15, 1935. The note on which suit was brought was originally made payable to Hydraulic Stokers, Inc., in the sum of $1,983.60, payable in installments. The note was negotiated several times, the last negotiation being made on November 24, 1936, without recourse, to the Federal Housing Administrator, acting on behalf of the United States of America.

Defendant appellants—and third party plaintiffs, with leave of court, filed a third party complaint wherein Hydraulic Stokers, Inc., Schwitzer-Cummins Finance Corporation and Schwitzer-Cummins Company, appellees, were named third-party defendants. Judgment was rendered in favor of plaintiff-appellee, against defendants and third-party plaintiffs-appellants, in the original suit. The Court also rendered

judgment against the third-party plaintiffs on the third-party plaintiffs' complaint.

The errors relied upon by defendants and third-party plaintiffs-appellants relate to the special findings of fact and conclusions of law therein filed by the trial court and the judgment so rendered.

■ The cause was tried by the court without a jury. The court made and filed special findings of fact and stated conclusions of law. The pertinent testimony on the contested issues was in sharp conflict. We are not prepared to say that the findings are "clearly erroneous." On the other hand, an examination of the record satisfies us that the evidence and the inferences which the court was reasonably warranted in drawing therefrom amply support the findings. It follows, therefore, that the findings must stand on appeal. Rule 52(a) of the Rules of Civil Procedure, 28 U.S. C.A. following section 723c.

The note was given in payment for two automatic coal stokers purchased from the payee, Hydraulic Stokers, Inc., and manufactured by Schwitzer-Cummins Company and by it sold to Hydraulic Stokers, Inc. Monthly installments were paid for 13 consecutive months from the date of the note, but no payments were made after March 15, 1936. Under the terms of the note the non-payment of any installment at its maturity gave the holder the option to declare the remaining installments due and payable. Plaintiff-appellee exercised its option and brought suit to collect the unpaid installments.

The defendant and third-party plaintiffs-appellants owned and operated a commercial laundry in which the stokers were installed. During the first year following installation the stokers were in continuous use in the laundry. Defendants and third-party plaintiffs-appellants have used the stokers regularly since March, 1935—a period of approximately five years before the commencement of suit. About 15 months after the installation of the stokers defendants and third-party plaintiffs-appellants for the first time requested the removal of the stokers, the return of the installment notes and all payments made thereon. During the period beginning a year before and ending a year after installation of the stokers, defendants and third-party plaintiffs-appellants each month prepared a monthly operating statement showing in detail for each such month the cost and expense of fuel and maintenance of heating equipment used in their laundry plant. Defendants knew, therefore, from a comparison of their current monthly operating records with their monthly operating records for the prior year exactly what the relative cost of operating with the new stokers was.

■ Defendants and third-party plaintiffs-appellants contend that the note was executed in payment for the coal stokers and that accompanying the note was a "completion agreement" which, by reference, incorporated therein a written contract between defendants and third-party plaintiffs-appellants, and Schwitzer-Cummins Company, dated February 14, 1935. This purported contract of February 14, 1935 contained in substance the provision that in case the stoker equipment failed to perform in a certain way, the stokers might be removed and all notes, contracts, agreements and payments of defendants and third-party plaintiffs-appellants should be returned. The trial court, however, found that the so-called contract of February 14, 1935 was not authorized either by the third-party defendants-appellees, Schwitzer-Cummins Company or Hydraulic Stokers, Inc., and was not accepted by defendants and third-party plaintiffs-appellants. This finding finds ample support in the evidence.

There was, therefore, no express warranty of the operation of the stokers.

■ The court found as a fact that defendants and third-party plaintiffs-appellants did not request the removal of the stokers until about 15 months after their installation and concluded that such notice was not given within a reasonable time. In this conclusion we concur. The daily use of the stokers for a period of at least one year following installation without any request for removal constituted in law an acceptance. The buyer's attempted rescission after using the stokers for a period of 15 months came too late. Sieveking v. Litzler, 31 Ind. 13; Fred W. Wolf Co. v. Monarch Refrigerating Company, 252 Ill. 491, 96 N.E. 1063, 50 L.R.A.,N.S., 808; Laundry Service Co. v. Fidelity Laundry Machinery & Engineering Co., 187 Minn. 180, 245 N.W. 36.

The judgment of the trial court should be and is affirmed.